UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:15-cv-00145-JHM

SOUTHERN STAR CENTRAL GAS   PLAINTIFF
PIPELINE, INC.

V.

EDGEN MURRAY CORPORATION   DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss and Motion to Strike [DN 18, 23]. Fully briefed, these matters are ripe for decision. For the following reasons, Defendants' Motion to Dismiss is **DENIED**, and Defendant's Motion to Strike is **DENIED AS MOOT.**

### I. BACKGROUND

This matter concerns a contract between Southern Star Central Gas Pipeline (hereinafter "Southern Star") and Edgen Murray Corporation (hereinafter "Edgen") for the provision of steel pipe for a natural gas pipeline system in Colorado and Wyoming. Southern Star is a natural gas transmission company headquartered in Owensboro, Kentucky. In 2013, Southern Star was planning to construct a pipeline project in Colorado and Wyoming that required the purchase of four miles of milled pipe. On April 29, 2013, a representative for Southern Star requested a quote on the milled pipe from Edgen, a supplier of milled pipe with whom Southern Star had an ongoing business relationship since 2007. A representative from Edgen's office in St. Louis, Missouri, delivered a quote for the milled pipe to Southern Star on May 3, 2013.

Southern Star then submitted a purchase order to Edgen on May 9, 2013, ordering the milled pipe as quoted. The purchase order sent by Southern Star stated, "Southern Star Central

1

Gas Pipelines standard terms and conditions apply to this order unless other terms mutually agreed upon with vendor are referenced herein. A copy of the terms and conditions is available upon request." (Pl.'s Compl. [DN 1-2] at 5). These terms and conditions included the following:

> This Order shall be governed by, construed and enforced in accordance with the laws of the Commonwealth of Kentucky. Seller agrees that any action of any type which relates to or arises out of any provision of this Order shall be brought in the appropriate state court in Kentucky or the United States District Court for the District of Kentucky, and consents to accept service of process in connection with any such action brought before any such courts and waives the defense of lack of personal jurisdiction in connection with any such action.

(*Id.* at 15–16). At no time before the pendency of this action did Edgen request a copy of the terms and conditions.

Edgen obtained the pipe necessary to fulfill Southern Star's order from Northwest Pipe Company (hereinafter "Northwest"), a pipe manufacturer. This pipe was manufactured in Atchinson, Kansas, and then delivered to a coating facility in Schererville, Indiana, where Southern Star took possession of the pipe. Edgen then mailed Southern Star seven separate invoices for the pipe, which were each paid in full. Southern Star transported the pipe to the project location in Cheyenne, Wyoming, and began work on the pipeline. Installation and testing were not complete until January 2014. Upon testing, the milled pipe supplied by Edgen failed three separate hydrostatic tests. Southern Star notified Edgen of the failure, rejected the pipe, and uninstalled it from the pipeline. Edgen obtained replacement pipe from Paragon Industries, Inc. in Oklahoma to serve as a replacement for the defective pipe, which Southern Star accepted and used.

Southern Star filed the present action on November 13, 2015, alleging breach of contract by Edgen for supplying defective pipe and seeking damages for the additional costs incurred due

to this breach. [DN 1]. Edgen filed a motion to dismiss, asserting both a lack of personal jurisdiction and improper venue, and also asserting that this Court should abstain from hearing this action due to a pending action Edgen has filed against Northwest in a Texas state court based upon the failure of the same pipe as in this case. [DN 18]. Following Southern Star's response to this motion, Edgen also filed a motion to strike portions of the affidavit of Duane Kirkendoll [DN 21-2] as lacking proper foundation and being based upon hearsay. [DN 23].

## II. PERSONAL JURISDICTION

### A. STANDARD OF REVIEW

The Court will first consider Edgen's motion to dismiss for a lack of personal jurisdiction. The burden is on the Plaintiff to demonstrate that jurisdiction exists. *See Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). To make such a showing, "the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Id*. Further, when presented with a Rule 12(b)(2) motion, "the court has three procedural alternatives: it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Id.* (citation omitted).

In this case, Edgen has sought an evidentiary hearing. However, Southern Star has not, nor does the Court believe the facts require one. If the Court determines the jurisdictional issue on written submissions only, the plaintiff "need only make a prima facie showing of jurisdiction." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). When making such a determination without an evidentiary hearing, "the court must consider the pleadings and affidavits in a light most favorable to the plaintiff." *Id*. Furthermore, the court must "not consider

3

facts proffered by the defendant that conflict with those offered by the plaintiff.*" Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002).

Subject matter jurisdiction in this case is based on diversity of citizenship pursuant 28 U.S.C. § 1332. In a diversity case, a federal court determines whether personal jurisdiction exists over a nonresident defendant by applying the law of the state in which it sits. *Third Nat'l Bank v. WEDGE Group Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989). The Court applies a two-step inquiry to determine whether it may exercise personal jurisdiction over a nonresident defendant: "(1) whether the law of the state in which the district court sits authorizes jurisdiction, and (2) whether the exercise of jurisdiction comports with the Due Process Clause." *Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir. 2006).

### B. ANALYSIS

In its original complaint, Southern Star stated that Edgen was subject to personal jurisdiction by virtue of the forum selection clause in the parties' contract. [DN 1]. Upon Edgen arguing in its response that the forum selection clause was invalid, Southern Star amended its complaint to assert that this Court had personal jurisdiction over Edgen through both the forum selection clause and Edgen's contacts with Kentucky. [DN 13]. Edgen asserts that neither the forum selection clause nor Edgen's contacts with Kentucky are sufficient to establish personal jurisdiction. However, the Court finds that the forum selection clause is valid and enforceable.

A party to a contract may waive its right to challenge personal jurisdiction and venue by consenting to both in a forum selection clause. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 11 (1972). Whether a forum selection clause can be enforced is a matter of federal procedure and thereby decided under federal law. *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009). Generally, forum selection clauses are prima facie valid and should be enforced unless

enforcement is shown by the resisting party to be unreasonable under the circumstances. *M/S Bremen*, 407 U.S. at 10; *Wong*, 589 F.3d at 827; *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1136 (6th Cir. 1991). According to the Sixth Circuit, in evaluating the enforceability of a forum selection clause, the Court looks to the following factors: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Wong*, 589 F.3d at 828 (citing *Security Watch, Inc. v. Sentinel Systems, Inc.*, 176 F.3d 369, 375 (6th Cir. 1999)).

In this case, the purchase order sent from Southern Star to Edgen stated that Southern Star's standard terms and conditions applied, and that these terms and conditions were available upon request. These terms and conditions contained a forum selection clause that stated that the seller under the purchase order "waives the defense of lack of personal jurisdiction in connection with any such action" to be brought in either federal or state court in Kentucky. (Pl.'s Compl. [DN1-2] at 16). Neither side disputes that Southern Star never sent these terms to Edgen or that Edgen never requested them. However, "a contracting party has an affirmative duty to familiarize itself with the terms and conditions contained in other documents incorporated by reference." *Glenn Hunter & Assoc., Inc. v. Union Pac. R.R. Co.*, 135 F. App'x 849, 855 (6th Cir. 2005). *See also Int'l Ass'n of Machinists and Aerospace Workers v. ISP Chemicals, Inc.*, 261 F. App'x 841, 848 (6th Cir. 2008) (citing *Std. Bent Glass Corp. v. Glassrobots Oy*, 333 F.3d 440, 447 (3d Cir. 2003) ("[I]ncorporation by reference is proper where the underlying contract makes clear reference to a separate document, the identity of the separate document may be ascertained, and incorporation of the document will not result in surprise or hardship"). Thus, Edgen must

bear the burden of its lack of knowledge of any forum selection clause, as it failed to adequately investigate what terms and conditions were incorporated through the purchase agreement.

Further, the forum selection clause was not obtained by fraud, duress, or other unconscionable means. Southern Star used the same purchase order at least four times during the transaction that is the subject of the litigation, and each time, it contained the same language that certain terms and conditions applied that were available upon request. Nor has Edgen presented any evidence that this forum would be so unfair or inconvenient that the forum selection clause must be disregarded.

Edgen argues that this Court should find the forum selection clause invalid by citing primarily to two cases, *Lightyear Communication, Inc. v. CNS Communication, Ltd.*, 2002 WL 1540703 (W.D. Ky. Jan. 23, 2002) (hereinafter *Lightyear I*) and *Lightyear Communication, Inc. v. Xtrasource, Inc.*, 2004 WL 594998 (W.D. Ky. Feb. 4, 2004) (hereinafter *Lightyear II*), in which forum selection clauses were found to be invalid. However, both cases were decided on the basis of considerably different facts. In *Lightyear I*, an alleged forum selection clause was determined to be invalid due to the signed contract having been lost and the plaintiff being unable to prove its contents without the original. *Lightyear I*, at *3. There is no such problem in this case, as neither party disputes the contents of the purchase order at issue. And in *Lightyear II*, a forum selection clause that was found in the plaintiff's standard service agreement was not applied to a contract which did not contain the entire contents of the standard service agreement, giving the defendant no notice of potential additional terms and conditions that may require investigation. *Lightyear II*, at *2–3. In this case, however, Edgen received the purchase order in its entirety, which clearly stated that Southern Star's terms and conditions applied and were available upon request. In both *Lightyear I* and *II*, there were doubts as to whether the

6

defendants had notice as to the *possibility* that other terms and conditions applied, whereas in this case Edgen merely asserts it had no notice as to the *contents* of those additional terms and conditions. Edgen had notice that other terms and conditions applied, and it bore the risk of not investigating those terms by requesting a copy of them.

Therefore, the Court finds that the forum selection clause is valid and enforceable. Thus, the Court has personal jurisdiction over Edgen by means of consent. Because of the validity of the forum selection clause, it is unnecessary to determine whether personal jurisdiction exists on the basis of the Kentucky long-arm statute and constitutional due process requirements.

### III. VENUE

For the reasons stated above, the Court finds that venue is also appropriate by means of consent. Thus, it is unnecessary to determine whether venue is proper under 28 U.S.C. § 1391(b).

### IV. MOTION TO STRIKE

Edgen filed a motion to strike portions of the affidavit of Duane Kirkendoll, the Senior Strategic Sourcing Specialist for Southern Star. This affidavit was submitted with Southern Star's response to Edgen's motion to dismiss. [DN 21-2]. However, this affidavit related to the contacts Edgen had with Kentucky for the purpose of establishing personal jurisdiction over Edgen. Because this Court has determined that personal jurisdiction exists through the forum selection clause and irrespective of any contacts Edgen may have had with Kentucky, the motion to strike is moot. Therefore, the motion will be **DENIED AS MOOT**.

### V. *COLORADO RIVER* ABSTENTION

The final matter that must be addressed is whether this Court should abstain from hearing the present action due to Edgen's pending litigation against Northwest in a Texas state court.

Edgen filed its action against Northwest in June 2015, claiming that the contract between Northwest and Edgen requires Northwest to indemnify Northwest for any liability it may incur towards Southern Star due to the alleged defects in the pipe, along with various breach of warranty claims. [DN 18-9]. However, Edgen did not amend its petition to add Southern Star as a defendant in that action until December 9, 2015, after Southern Star had already filed this present action against Edgen. Because of this ongoing Texas action, Edgen requests in its motion to dismiss that this Court stay or dismiss this action under the doctrine of abstention.

### A. STANDARD OF REVIEW

This Court analyzes such a request under the so-called *Colorado River* abstention doctrine. Under this doctrine, federal courts have a "narrow exception" to their "virtually unflagging obligation . . . to exercise the jurisdiction given them" where there is (1) "parallel" litigation pending in state court, and (2) the proposed litigation in federal court would be duplicative or unwise. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817–18 (1976); *Bates v. Van Buren Tp.*, 122 F. App'x 803, 806 (6th Cir. 2004); *Gottfried v. Med. Planning Servs., Inc.*, 142 F.3d 326, 329 (6th Cir. 1998).

The threshold question in the *Colorado River* abstention analysis is whether there are parallel proceedings in state court. *Crawley v. Hamilton Cty. Comm'rs*, 744 F.2d 28, 31 (6th Cir. 1984). To be "parallel"[1] the proceedings have to be "substantially similar." *Romine v. CompuServe Corp.*, 160 F.3d 337, 340 (6th Cir. 1998). This means that neither the issues nor the parties have to be identical. *Heitmanis v. Austin*, 899 F.2d 521, 528 (6th Cir. 1990). If the Court determines the two concurrent actions in state and federal court are parallel, it must then weigh

---

[1] "However, cases are not considered parallel if there is an issue that would not be resolved by the state court upon the completion of the state court action." *Kopacz v. Hopkinsville Surface and Storm Water Utility*, 714 F. Supp. 2d 682, 686 (W.D. Ky. 2010) (citing *E.ON U.S. Services, Inc. v. QSC Painting, Inc.*, 2008 WL 3982499 (E.D. Ky. Aug. 26, 2008); *PNC Bank, Nat'l Ass'n v. Person*, 2007 WL 1423744 (W.D .Ky. May 8, 2007)). See also *Wright v. Linebarger Googan Blair & Sampson, LLP*, 782 F. Supp. 2d 593, 603–604 (W.D. Tenn. 2011).

various factors[2] that rest on "considerations of wise judicial administration, [and give] regard to conservation of judicial resources and comprehensive disposition of litigation." *Romine*, 160 F.3d at 339 (quotations omitted).

## B. ANALYSIS

This Court rejects Edgen's request for abstention. This present action and the action in Texas state court are not parallel actions, as they involve the interpretation of two separate contracts with different rights and obligations. Whether Edgen is liable to Southern Star for the defective pipe can be established without regard to any potential obligation Northwest may have to indemnify and defend Edgen. The two actions will involve some of the same operative facts, mainly whether the pipe was defective. But the rights and obligations of the parties under their respective contracts are independent of each other, and the outcome of each party's claims will depend on independent interpretations of how those facts apply to each contract. Parallel actions require more than simply similar facts. *See Romine*, 160 F.3d at 340–41 (finding parallel litigation in state and federal class action lawsuits where both asserted many of the same claims against most of the same defendants but had different named plaintiffs in each); *Medtronic, Inc. v. Royer*, 2013 WL 1411227, at *6 (W.D. Ky. Apr. 8, 2013) (finding parallel litigation in state and federal actions that would require interpretation of the same release and settlement agreement in both cases). This Court requires the "clearest of justifications" to surrender jurisdiction to a state court proceeding, as abstention is only appropriate in the face of "exceptional circumstances," *Colorado River*, 424 U.S. at 813, 819, and Defendant Edgen has

---

[2] Factors the Court should weigh include: (1) whether state court has assumed jurisdiction over any res or property, (2) "the inconvenience of the federal forum," (3) "the desirability of avoiding piecemeal litigation," (4) "the order in which jurisdiction was obtained by the concurrent forums," *Colorado River*, 424 U.S. at 818 (internal quotations omitted), (5) whether the source of governing law is state or federal: (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings and (8) the presence or absence of concurrent jurisdiction. *Romine*, 160 F.3d at 340–41 (internal quotations omitted).

not met its burden of showing that two actions are parallel proceedings. *See Starr v. Hill*, 2010 WL 2521378, at *9 (W.D. Tenn. June 16, 2010) (citing *Answers in Genesis of Ky. v. Creation Ministries, Int'l Ltd.*, 556 F.3d 459, 467 (6th Cir. 2009)) ("As the party seeking abstention, the Defendant bears the burden to prove it is warranted").

Even if the two proceedings were parallel, the balance of factors to be considered under *Colorado River* would still weigh against abstention. For example, the Texas state court has not exercised jurisdiction over any property at issue in this case. There has been no showing that this federal forum is inconvenient to either party. While Edgen did file its action against Northwest in Texas state court before Southern Star brought this action, this action was already pending when Edgen moved to join Southern Star as a party to the Texas. And finally, Southern Star is currently contesting the Texas state court's assertion of personal jurisdiction over it, raising doubts as to whether Southern Star may even be properly joined as a party in that case. Because the proceedings are not parallel, and the balance of factors weighs against abstention, Edgen's request for abstention is denied.

## VI. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **DENIED**, and the Defendant's Motion to Strike is **DENIED AS MOOT.**

Joseph H. McKinley, Jr., Chief Judge
United States District Court

September 15, 2016

cc: counsel of record