UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:15-cv-00145-JHM

SOUTHERN STAR CENTRAL GAS                                          PLAINTIFF
PIPELINE, INC.

V.

EDGEN MURRAY CORPORATION                                           DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's motion for judgment on the pleadings. [DN 31]. Fully briefed, this matter is ripe for decision. For the following reasons, the motion is **DENIED**.

### I. BACKGROUND

This matter concerns an agreement between Southern Star Central Gas Pipeline (hereinafter "Southern Star") and Edgen Murray Corporation (hereinafter "Edgen") for the provision of steel pipe for a natural gas pipeline system in Colorado and Wyoming. Southern Star is a natural gas transmission company headquartered in Owensboro, Kentucky. In 2013, Southern Star was planning to construct a pipeline project in Colorado and Wyoming that required the purchase of four miles of milled pipe. On April 29, 2013, a representative for Southern Star requested a quote on the milled pipe from Edgen, a supplier of milled pipe with whom Southern Star had an ongoing business relationship since 2007. A representative from Edgen's office in St. Louis, Missouri, delivered a quote for the milled pipe to Southern Star on May 3, 2013.

Southern Star then submitted a purchase order to Edgen on May 9, 2013, ordering the milled pipe as quoted. Edgen obtained the pipe necessary to fulfill Southern Star's order from

Northwest Pipe Company (hereinafter "Northwest"), a pipe manufacturer, and Southern Star subsequently took possession of the pipe. Southern Star transported the pipe to the project location in Cheyenne, Wyoming, and began work on the pipeline. Installation and testing were not complete until January 2014. Upon testing, the milled pipe supplied by Edgen failed three separate hydrostatic tests. Southern Star notified Edgen of the failure, rejected the pipe, and uninstalled it from the pipeline. Edgen obtained replacement pipe from Paragon Industries, Inc. in Oklahoma, which Southern Star accepted and used.

Southern Star filed the present action on November 13, 2015, alleging breach of contract by Edgen for supplying defective pipe and seeking damages for the additional costs incurred due to this breach. [DN 1]. Edgen filed a motion to dismiss [DN 18] and a motion to strike [DN 23], both of which were denied by this Court. [DN 28]. Edgen answered Southern Star's complaint [DN 29], and Southern Star now moves for judgment on the pleadings as to the issue of liability pursuant to Fed. R. Civ. P. 12(c). [DN 31].

## II. STANDARD OF REVIEW

The standard of review for a Rule 12(c) motion for judgment on the pleadings "is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511–12 (6th Cir. 2001)); Fed.R.Civ.P. 12(b)(6); Fed.R.Civ.P. 12(c). Under Rule 12(b)(6), a court "must construe the complaint in the light most favorable to [non-moving party]," *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007), and determine whether the non-moving party "undoubtedly" can prove no set of facts in support of its position. *Mixon v. Ohio*, 193 F.3d 389, 399–400 (6th Cir. 1999). "[T]he motion may be granted only if the moving party is nevertheless clearly entitled to judgment."

*Poplar Creek Development Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 240 (6th Cir. 2011).

### III. DISCUSSION

Southern Star's motion for judgment on the pleadings relies heavily on pleadings filed by Edgen in a separate Texas state court action between Edgen, Southern Star, and Northwest. Southern Star argues that Edgen has essentially admitted to breaching the contract between the two in its complaint in the Texas state court action, and that this complaint, which Edgen attached to its motion to dismiss [DN 18-9], should be considered by the Court in ruling on the present motion. Thus, the Court must determine whether this filing should be considered.

First, Southern Star argues that the Texas complaint should be considered because Edgen attached it to its motion to dismiss, placing them into the record for consideration. The Sixth Circuit has held that, when considering a motion to dismiss under Rule 12(b)(6), "items appearing in the record of the case . . . may be taken into account." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (citations omitted). However, Fed. R. Civ. P. 12(d) states that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *See also Northville Downs v. Granholm*, 622 F.3d 579, 585 (6th Cir. 2010) ("Rule 12(c) requires only one action by the district court for the conversion to a summary judgment motion to occur: failure to exclude presented outside evidence"). The decision of whether to consider evidence beyond the pleadings and convert a motion for judgment on the pleadings into one for summary judgment is committed to the discretion of the Court. *Friends of Tims Ford v. Tenn. Valley Auth.*, 585 F.3d 955, 965 (6th Cir. 2009) (citations omitted).

3

The Court declines to convert Southern Star's motion for judgment on the pleadings into one for summary judgment and consider the Texas state court action complaint. The Texas complaint was attached to Edgen's motion to dismiss, not its answer, meaning that the filings do not constitute a part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a *pleading* is a part of the pleading for all purposes") (emphasis added). Further, Edgen strongly contests in its answer in the present action what terms were part of the contract and whether a breach occurred (*see* Def.'s Answer [DN 29] ¶ 14, 25.) As the non-moving party, the Court must accept Edgen's pleadings as true at this stage.

Southern Star also argues, though, that the Court should take judicial notice of the Texas filings, as they are a "matter[ ] of public record . . [which] may be taken into account" in deciding a rule 12(c) motion. *Barany-Snyder*, 539 F.3d at 332 (citations omitted). The Sixth Circuit addressed this issue in *Stafford v. Jewelers Mut. Ins. Co.*, 554 F. App'x 360, 369 (2014), acknowledging the practice of taking judicial notice of public records but noting that some courts merely take notice "of the documents' existence, and not for the truth of the matters asserted therein." (citations omitted). This limitation acts to "preserve a party's right to a fair hearing . . . [by only] tak[ing] judicial notice of facts which are not subject to reasonable dispute" in the other proceeding. *Id.* (citations omitted). Thus, the Court will only take judicial notice of the fact that filings have been made in the Texas state court action, but not of any particular allegations contained within.

Considering this evidence in a light most favorable to Edgen, the Court finds that Southern Star is not entitled to judgment on the pleadings as to the issue of liability. Based on the pleadings, there are certain matters in dispute, namely what documents or agreements formed the alleged contract in this case, (*See* Def.'s Compl. [DN 29] ¶ 14 ("Edgen further denies that the

4

'Terms and Conditions' document . . . forms part of the parties' contract")), as well as to whether Edgen breached the contract. (*See* Def.'s Compl. [DN 29] ¶ 30, 35, 36, 37 ("Edgen denies that it is liable to Southern Star").) Further, the pleadings do not "undoubtedly" make it impossible for Edgen to prove a set of facts that would support their position, as is required for the Court to grant a motion for judgment on the pleadings.

The fact that this Court previously found the forum selection clause binding on Edgen does not change this conclusion. Even though this Court previously found the forum selection clause, which was contained within Southern Star's "Terms and Conditions" document, to be enforceable, that finding does not mean that the "Terms and Conditions" document makes up the entirety of the agreement between Southern Star and Edgen. Edgen specifically denies that this document forms the entirety of the contract, and it has no burden to produce evidence to the contrary at the pleading stage. Thus, Southern Star's motion for judgment on the pleadings is **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's motion for judgment on the pleadings is **DENIED**.

*Joseph H. McKinley*

Joseph H. McKinley, Jr., Chief Judge
United States District Court

January 30, 2017

cc: counsel of record